**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CR No. 10-00184-S |
| | ) |
| **JASON W. PLEAU,** | ) |
| | ) |
| **Defendant.** | ) |

**NOTICE OF INTENTION TO SEEK THE DEATH PENALTY
AS TO DEFENDANT JASON W. PLEAU**

Now comes the United States of America, by and through its undersigned counsel, and pursuant to 18 U.S.C. § 3593(a), hereby gives notice that the circumstances of this case are such that, in the event Defendant Jason W. Pleau ("Defendant") is convicted of a capital offense relating to the death of David Main, a sentence of death is justified and the United States will seek a sentence of death.  Specifically, the United States will seek a sentence of death for Count Three of the Indictment which charges Defendant with possessing, using, carrying, and discharging a firearm during and in relation to a crime of violence that caused the death of David Main, in violation of 18 U.S.C. §§ 924(c) and (j).  For this count, the Government proposes to prove the following factors beyond a reasonable doubt as justifying a sentence of death.

A.   Statutory Threshold Factors - 18 U.S.C. § 3591(a).

    1.   Defendant was 18 years of age or older at the time of the offenses. 18 U.S.C. § 3591(a).

    2.   Defendant intentionally killed David Main.  18 U.S.C. § 3591(a)(2)(A).

    3.    Defendant intentionally inflicted serious bodily injury that resulted in the death of David Main.  18 U.S.C. § 3591(a)(2)(B).

    4.    Defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and David Main died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(C).

    5.    Defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and David Main died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(D).

B.    <u>Statutory Aggravating Factors - 18 U.S.C. § 3592(c)</u>.

    1.    Defendant, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense.  18 U.S.C. § 3592(c)(5).

    2.    Defendant committed the offense in the expectation of the receipt of anything of pecuniary value.  18 U.S.C. § 3592(c)(8).

C.    <u>Non-Statutory Aggravating Factors Authorized Under 18 U.S.C. §§ 3592(c) and 3593(a).</u>

    1.    **Victim Impact Evidence.**

    As demonstrated by the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family and friends, Defendant caused injury, harm, and loss to the victim and the victim's family and friends,

including at least Kathleen Main, Michael D. Main, David M. Main, Bonita I. Main, Heather Hitchen, and Deborah Smith. 18 U.S.C. § 3593(a).

2. **Participation in Other Serious Acts of Violence.**

Defendant participated in the commission of other serious acts of violence, including but not limited to the following:

   a. burglary of the dwelling of J██████ D█████, on or about October 5, 1996, in Woonsocket, RI.

   b. robbery of B█████ G█████ at her dwelling, on or about October 7, 1996, in Woonsocket, RI.

   c. felony assault of P█████ L█████ and robbery of A█████ E█████, on or about October 14, 1996, at a store in Woonsocket, RI.

   d. attempted robbery of M█████ D█████, on or about October 21, 1996, at a restaurant in Bellingham, Massachusetts.

   e. robbery of R█████ C█████, on or about October 22, 1996, at a store in Woonsocket, RI.

   f. A felony assault of a correctional officer on or about March 10, 2000, at the Adult Correctional Institutions in Cranston, RI.

   g. armed robbery of Chan's Restaurant on or about August 8, 2010, in Woonsocket, RI.

3. **Future Dangerousness**.

Defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

3

    a.    **Continuing Pattern of Violence**.

Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including but not limited to the crimes alleged against Defendant in the Indictment and at least the following:

    (i)    burglary of the dwelling of J███ D███, on or about October 5, 1996, in Woonsocket, RI.

    (ii)    robbery of B███ G███ at her dwelling, on or about October 7, 1996, in Woonsocket, RI.

    (iii)    felony assault of P███ L███ and robbery of A███ E███, on or about October 14, 1996, at a store in Woonsocket, RI.

    (iv)    attempted robbery of M███ D███, on or about October 21, 1996, at a restaurant in Bellingham, Massachusetts.

    (v)    robbery of R███ C███, on or about October 22, 1996, at a store in Woonsocket, RI.

    (vi)    a felony assault of a correctional officer, on or about March 10, 2000, at the Adult Correctional Institutions in Cranston.

    (vii)    armed robbery of Chan's Restaurant, on or about August 8, 2010, in Woonsocket, RI.

    b.    **Low Rehabilitative Potential**.

Defendant has demonstrated a low potential for rehabilitation as demonstrated by, but not limited to, the following:

    (i)    Defendant committed the offenses charged in the Indictment while Defendant was on parole;

    (ii)    Defendant committed the offenses charged in the Indictment after serving over 12 years in prison;

    (iii)    Defendant committed other criminal offenses including but not limited to the robbery of Chan's Restaurant on August 8, 2010, while Defendant was on parole;

    (iv)    Defendant committed a serious assault on a correctional officer while incarcerated; and,

    (v)    Defendant has committed numerous disciplinary infractions during periods of incarceration.

    c.    **Lack of Remorse**.

Defendant has not expressed remorse for killing David Main as indicated by his actions following the killings, and his statements to his accomplices and to law enforcement agents during the course of and following the offenses alleged in the Indictment.

The United States further gives notice that in support of imposition of the death penalty, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Indictment as they relate to the background and character of Defendant, his moral culpability, and the nature and circumstances of the offenses charged in the Indictment.

    Respectfully submitted,

    UNITED STATES OF AMERICA

    By its attorneys,

    PETER F. NERONHA
    UNITED STATES ATTORNEY

    /s/ Adi Goldstein
    /s/ William Ferland
    ADI GOLDSTEIN
    WILLIAM J. FERLAND
    United States Attorney's Office
    50 Kennedy Plaza 8th Floor
    Providence, RI 02903
    (401)709-5000

## CERTIFICATION OF SERVICE

       On this 18th day of June, 2012, I caused the within Notice of Intention to Seek the Death Penalty as to Defendant Jason W. Pleau to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

David P. Hoose, Esq.
Sasson, Turnbull, & Hoose
100 Main Street
3rd Floor
Northampton, MA 01060

Robert B. Mann, Esq.
Mann & Mitchell
1 Turks Head Building
Suite 610
Providence, RI 02903

                                          /s/ ADI GOLDSTEIN
                                          ADI GOLDSTEIN
                                          Assistant U.S. Attorney
                                          U.S. Attorney's Office
                                          50 Kennedy Plaza, 8th Floor
                                          Providence, RI 02903
                                          (401) 709-5050 (Tel)
                                          (401) 709-5001 (Fax)
                                          adi.goldstein@usdoj.gov