UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )   CRIMINAL NO.:  10-184-01 S |
| | ) |
| JASON W. PLEAU, | ) |
|     Defendant | ) |

DEFENDANT JASON'S PLEAU'S OBJECTION
TO GOVERNMENT MOTION FOR A SUBPOENA DUCES TECUM

Now comes the defendant Jason Pleau and objects to the Government's motion for an order authorizing the issuance of a subpoena duces tecum upon the Woonsocket School Department for the production of any and all records relating to the defendant Jason W. Pleau.

In support of said objection, the defense submits the attached memorandum of law.

REQUEST FOR ORAL ARGUMENT;  NO REQUEST FOR EVIDENTIARY HEARING

The defendant requests oral argument on this objection.  The defense estimates a total of 40 minutes will be required for said argument, 20 minutes per side.  No evidentiary hearing is requested.

Respectfully Submitted,
THE DEFENDANT, JASON PLEAU

By                                                          By

_____      /s/ Robert B. Mann_____
DAVID P. HOOSE, ESQ.                        ROBERT MANN, ESQ.  #153
SASSON, TURNBULL & HOOSE            MANN & MITCHELL
100 Main Street                                    One Turks Head Place
Third Floor                                           Suite 610
Northampton, MA  01060                     Providence, RI 02903
(413) 586-4800                                    (401) 351-5770
DHoose@strhlaw.com]                       rmann@conversent.net


## CERTIFICATION

I hereby certify that on this 19TH day of July, 2012, I did send a true copy of the within document by electronic means (ECF) to:

Adi Goldstein, AUSA;
William Ferland, AUSA
Jacabed Rodriguez-Coss, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI  02903
(401) 351-5770
rmann@conversent.net

2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) CRIMINAL NO.: 10-184-01 S |
| | ) |
| JASON W. PLEAU, | ) |
|     Defendant | ) |

DEFENDANT JASON'S PLEAU'S
MEMORANDUM OF LAW IN SUPPORT OF OBJECTION
TO GOVERNMENT MOTION FOR A SUBPOENA DUCES TECUM

I.  THE DEFENSE OBJECTION

The United States has filed a motion seeking an order authorizing the issuance of a subpoena duces tecum upon the Woonsocket School Department for the production of any and all records relating to the defendant Jason W. Pleau, including " any transcripts documenting academic performance, reports of academic deficiencies, academic and or behavioral progress notes, counseling records, disciplinary records, attendance records, scholarship awards, individualized education plans, any other document or writing including writings those stored in electronic media."  Government motion.  The Government avers that it makes the motion pursuant to 20 U.S.C.  §1232g(b)(1)(J)(ii), Rule 17(c) of the Federal Rules of Criminal Procedure, and local rule 17.

The Government states the records are:

> … both relevant and material to the penalty phase of this prosecution and that these records are reasonably likely to contain evidence relating to Pleau's rehabilitative potential as well as the existence of any condition or circumstance that could be presented to a jury as either aggravating or mitigating factors for their consideration in deciding whether to impose the death penalty.

1

Government Memorandum at 3.   The Government acknowledges that production of the records must be made in accordance with the  Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. §1232g (1994).  Gov.  Memorandum at 4.

In an early decision interpreting FERPA,  Chief Judge Mishler of the Eastern District of New York considered the implications of  FERPA with respect to the production of students' educational information or documents in a civil proceeding.  The Court noted that one of the purposes of FERPA, also known as the Buckley Amendment,   was,  "…to protect such individuals' rights to privacy by limiting the transferability (and disclosure) of their records without their consent."  Rios v. Read, 73 F.R.D. 589, 597 (E.D.N.Y. 1977), citing 120 Cong.Rec. S21487 (daily ed. Dec. 13, 1974) (joint remarks of Sen. Buckley and Sen. Pell). See Sen.Rep.No.93-1026, 93rd Cong., 2nd Sess. 186, reprinted in (1974) U.S.Code Cong. & Admin.News, p. 4250.   Judge Mishler went on to say that  FERPA did not create a privilege against disclosure of student records.  Rios v. Read, 73 F.R.D. at  598.

Though Judge Mishler found that FERPA did not create a privilege, he nevertheless found that  FERPA,  when considered in conjunction with its legislative history, imposed a higher burden on a party seeking access to student  records than exists with respect to other information.  He said:

> Yet inquiry cannot end here because, although the 1974 Act does not by its terms limit discovery of school records under the Federal Rules of Civil Procedure, the Congressional policy expressed in this provision places a significantly heavier burden on a party seeking access to student records to justify disclosure than exists with respect to discovery of other kinds of information, such as business records. The remarks of Senator Buckley, quoted previously, emphasize strongly that students have substantial privacy and confidentiality interests in their school records, see also Sen.Rep.No.93-1026, 93rd Cong., 2nd Sess. 186-88, reprinted in (1974) U.S.Code Cong. & Admin.News, pp. 4251-52, and that "there (is) clear evidence of frequent, even systematic violations of the privacy of students and parents by the schools through the unauthorized collection of sensitive personal information and the unauthorized, inappropriate release of personal **\*599** data to various individuals and organizations." 121 Cong.Rec. S7975 (daily ed. May 13, 1975). These privacy violations are no less objectionable simply because release of the records is obtained pursuant to judicial

> approval unless, before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students. See Sen.Rep.No.93-1026, 93rd Cong., 2nd Sess. 187, reprinted in (1974) U.S.Code Cong. & Admin.News, p. 4251.[11] [Footnote omitted]

Rios v. Read, 73 F.R.D. at 598-99. See also, Ellis v. Cleveland Municipal School Dist., 309 F. Supp. 2d 1019, 1023 (N.D. Ohio, 2004), citing Rios v. Read for the proposition that FERPA imposes a higher burden on a party seeking access to student records than other records.  The defense notes parenthetically that the fact that Rios v. Read and Ellis v. Cleveland Municipal School Dist. were civil cases does not affect the analysis.  But see, In re Subpoena Issued to Smith, 921 N.E.2d 731, 733.  (Court of Common Pleas of Ohio, Hamilton County, 2009), rejecting the heavier burden analysis of Rios v. Read, and Ellis v. Cleveland Municipal School Dist.  The Court in In re Subpoena Issued to Smith did note that the student whose records were the subject of the subpoena, despite receiving notice, made no request to quash or modify or contest the subpoena. , In re Subpoena Issued to Smith, 921 N.E.2d at 734.   Of course in this case, Pleau does challenge the request for the subpoena.

In this case, the defense submits that the Government has not demonstrated the "genuine need for the information that outweighs the privacy interest of  the students."   The Government might like access to all kinds of private information about Jason Pleau, but clearly the Government did not think this information was required to indict Mr. Pleau or to serve notice on him that pursuant to 18 U.S.C. § 3593(a) that if convicted of a capital offense the United States would seek a sentence of death. In its argument in support of the motion, the Government has made general statements about the kinds of information it believes is usually found in educational records and then argued, "It is logical to conclude that Pleau's school records contain information that speaks directly to Pleau's individualized characteristics, be they aggravating or mitigating factors." Government Memorandum at  5.   The defense submits that for the Government

3

to meet its burden under FERPA, as set forth in Rios v. Read, and Ellis v. Cleveland Municipal School Dist. the government must do more than make the kind of speculative claim it has advanced in this case. While FERPA did not create an evidentiary privilege, it did seek to enhance the privacy of educational records. Mr. Pleau's indictment does not extinguish that privacy interest.

The Government's request for the subpoena duces tecum must also fail because it does not meet the standard under Rule 17(c) of the Federal Rules of Criminal Procedure, and local rule 17. For the general requirements that must be met to allow the issuance of a Rule 17(c) subpoena, the Government cited United States v. The LaRouche Campaign, 841 F.2d 1176, 1179 (lst Cir. 1988) quoting from and relying upon United States v. Nixon, 418 U.S. 683 (1974). In United States v. Nixon, the Court said:

> Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary[12] and relevent; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'
>
> Against this background, the Special Prosecutor, in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.

United States v. Nixon, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 3103, 41 L. Ed. 2d 1039 (1974). This standard is widely cited. See, e.g., United States v. Rajaratnam, 753 F. Supp. 2d 317, 320 (S.D.N.Y. 2011).

Rule 17 is not a substitute discovery device. As the Fourth Circuit has said:

> As we have explained consistently, "a Rule 17 subpoena *duces tecum* cannot substitute for the limited discovery otherwise permitted in criminal **\*369** cases and the hope of obtaining favorable evidence does not justify the

4

> issuance of such a subpoena." *United States v. Caro,* 597 F.3d 608, 620 (4th Cir.2010) (internal quotation marks omitted).

United States v. Richardson, 607 F.3d 357, 368-69 (4th Cir. 2010) cert. denied, 131 S. Ct. 427, 178 L. Ed. 2d 324 (U.S. 2010). See also United States v. Amirnazmi, 645 F.3d 564, 594-95 (3d Cir. 2011) cert. denied, 132 S. Ct. 347, 181 L. Ed. 2d 218 (U.S. 2011), for the proposition that Rule 17 is not a discovery device. In Richardson, the defendant pled guilty to child pornography charges. He preserved his right to challenge the quashing of his subpoena duces tecum under Rule 17(c). He contended that AOL conducted an unconstitutional search on behalf of the Government. He sought the production of documents which would show an agency relationship between AOL and the Government. Like the subpoena the Government seeks in this case, the subpoena Richardson sought was broad. The subpoena provided:

> YOU ARE ... COMMANDED to bring with you the following document(s) or object(s): ... [A]ll records (including but not limited to emails, postal correspondence, minutes/notes of meetings, memoranda, and public relations material, and Congressional testimony) relating to AOL's coordination of efforts, training and/or strategic partnerships with all agencies of the [U.S.] Department of Justice, ... Postal Service, the Secret Service, the Internet Crimes Against Children Task Force ... and the [NCMEC], regarding the detection and reporting of child pornography content in emails and/or web browsing activity by AOL subscribers or on its network.

United States v. Richardson, 607 F.3d 357 at 368.

The Court of Appeals affirmed the quashing of the subpoena. It highlighted the lack of specificity in the subpoena, noting that without that specificity the defendant was "…merely fishing for evidence that might support his theory…." Id. 368. The Court said:

> Richardson contends that any information tending to show a partnership or agency relationship between AOL and the Government was highly relevant to his Fourth Amendment claim and that the district court's refusal to require compliance precluded him from developing this claim. While such information might indeed be relevant, Richardson fails to address the principal deficiency in his subpoena—the lack of specificity. Without it,

5

> Richardson is merely fishing for evidence that might support his theory, as if he were in the discovery phase of a civil action. Even on appeal, the phrasing of Richardson's argument—that "he should be allowed to discover the facts" supporting his theory that AOL and the Government were in a partnership—betrays his intention to misuse the subpoena *duces tecum* as a discovery mechanism to develop his agency claim. As we have explained consistently, "a Rule 17 subpoena *duces tecum* cannot substitute for the limited discovery otherwise permitted in criminal **\*369** cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena." *United States v. Caro,* 597 F.3d 608, 620 (4th Cir.2010) (internal quotation marks omitted).

United States v. Richardson, 607 F.3d at 368-69.

In this case the Government's request for a subpoena suffers from the same deficiency. It is the same fishing expedition the Court found unacceptable in United States v. Richardson. Moreover, in Richardson, the Court affirmed the quashing of the subpoena even though "…the information might indeed be relevant…." In this case, without actually reviewing the records, relevancy cannot even be established.

II.     CONCLUSION

For all of the reasons set forth above, the defense asks that the Government motion for an order allowing it to serve a subpoena duces tecum on the Woonsocket School Department be denied. If the Court grants the Government motion, the defense asks that before turning the records over to the Government, the Court turn the records over to the defense and allow the defense to review them and submit any further objections for an in camera review. Such a procedure would also allow Mr. Pleau's counsel to review the records and articulate further objections based on Rule 17 including specifically whether the records satisfy the standard of relevancy, admissibility, and specificity.

Respectfully Submitted,
THE DEFENDANT, JASON PLEAU

By                                                          By

_____          /s/ Robert B. Mann_____
DAVID P. HOOSE, ESQ.                        ROBERT MANN, ESQ.  #153
SASSON, TURNBULL & HOOSE       MANN & MITCHELL
100 Main Street                                      One Turks Head Place
Third Floor                                             Suite 610
Northampton, MA  01060                    Providence, RI 02903
(413) 586-4800                                     (401) 351-5770
DHoose@strhlaw.com]                        rmann@conversent.net


## CERTIFICATION

I hereby certify that on this 19TH day of July, 2012, I did send a true copy of the within document by electronic means (ECF) to:

Adi Goldstein, AUSA;
William Ferland, AUSA
Jacabed Rodriguez-Coss, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI  02903
(401) 351-5770
rmann@conversent.net

7