FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND 2013 JUL 26  A II: 30

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :    Cr. No. 10-184-01S |
| | : |
| JASON WAYNE PLEAU | : |
| | : |

## PLEA  AGREEMENT

Pursuant to Rule 11(c)(1) (C) of the Federal Rules of Criminal Procedure, the United

States and Defendant, JASON WAYNE PLEAU, have reached the following agreement:

1.    Defendant will plead guilty to the Indictment which charges Defendant with

conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count I); Hobbs

Act robbery, in violation of 18 U.S.C. § 1951(a) (Count II); and carrying, using, and discharging a

firearm during and in relation to a federal crime of violence, death resulting, in violation of 18

U.S.C. § 924(c)(1)(A)(i),(ii),(iii) & (j)(1) (Count III).

2.    Defendant further agrees that the time between the filing of this plea agreement and

the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. §

3161 and under the Interstate Agreement on Detainers.

3.    The Government agrees to withdraw its Notice of Intent to Seek a Sentence of

Death against defendant.

4.    The Government and the Defendant recommend to the Court, as a reasonable

sentence, that the defendant be sentenced to life imprisonment without parole.  The parties

understand that if this plea agreement is accepted by the Court, that the Court will impose a sentence of life imprisonment without parole.

5.      The defendant understands that under Rule 11(c)(1)(C), the Court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the presentence report. If the Court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, and afford the defendant an opportunity to withdraw the guilty plea, and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated in the plea agreement. In addition, as part of the terms and conditions of this plea agreement, the parties agree that should the court reject the plea agreement, the United States reserves its right to withdraw from its obligations under the same, including its agreement to withdraw its Notice of Intent to Seek a Sentence of Death against defendant.

6.      The Government reserves the right to recommend any combination of fines and restitution which it deems appropriate.

7.      This plea agreement is contingent in its entirety upon approval by the Attorney General of the United States. In the event that the Attorney General does not authorize entering into a plea agreement consistent with the terms hereof, this plea agreement will be null and void and neither party will be bound by this agreement.

8.      The United States and Defendant stipulate and agree to the following facts under the guidelines:

a.     Jason Pleau, Jose Santiago, and Kelley Lajoie conspired with each other to commit an armed robbery of the manager of the Shell Gas Station located at 1325 Diamond Hill Road, Woonsocket, Rhode Island;

b.     Jason Pleau, Jose Santiago, and Kelley Lajoie conspired with each other to carry out this armed robbery at the Citizens Bank located at 1675 Diamond Hill Road, Woonsocket, Rhode Island;

c.     On September 20, 2010, Jason Pleau robbed David Main, the manager of the Shell Gas Station, of money and property, as Mr. Main attempted to enter Citizens Bank;

d.     During and in relation to this robbery, Jason Pleau possessed, carried, and brandished a loaded revolver;

e.     During and relation to this robbery, Jason Pleau fired the revolver multiple times and shot Mr. Main in the head, causing the death of Mr. Main;

f.     The use of a firearm by Jason Pleau was known to or was reasonably foreseeable to the other co-conspirators charged in the Indictment;

g.     As a result of the robbery, Jason Pleau, Jose Santiago, and Kelley Lajoie obtained about $ 12,542 in United States currency, more or less, which they divided among themselves.

h.     After the robbery, Jason Pleau discarded the firearm by throwing it into a Providence river.

3

9.    Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. The government reserves its rights to argue and present evidence on all matters affecting the guidelines calculation.

10.    The maximum statutory penalties for the offenses to which Defendant is pleading guilty are:

Count I:  20 years imprisonment, $250,000 fine, three years of supervised release, and a mandatory special assessment of $100;

Count II:  20 years imprisonment, $250,000 fine, three years of supervised release, and a mandatory special assessment of $100; and,

Count III:  The maximum statutory penalty for 18 U.S.C. § 924(j) is death, however the Government has agreed to withdraw its Notice of Intent to Seek a Sentence of Death against Defendant provided that he pleads guilty pursuant to this Agreement and the sentence imposed is life imprisonment without parole. Accordingly, the maximum penalty for which Defendant is eligible is life imprisonment without parole with a mandatory minimum sentence of 10 years, which term of imprisonment shall be imposed consecutive to any other term of imprisonment imposed on Counts I and II. In addition, this count carries a $250,000 fine, five years of supervised release, and a mandatory special assessment of $100.

Were the sentences for all counts imposed consecutively, the maximum statutory penalties would be life plus forty years imprisonment, a fine of $750,000, and a term of supervised release of five years. The mandatory special assessments total $300.

4

12.     Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

13.     Defendant is advised and understands that:

a.      The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b.      Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c.      Defendant has the right to a jury trial;

d.      Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e.      Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f.      Defendant waives these trial rights if the Court accepts a plea of guilty.

14.     The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right

to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

15.    Defendant hereby waives Defendant's right to appeal or seek any other post-conviction relief of the convictions and sentences imposed by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

16.    This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

17.    This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

18.    This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

6

19.   The defendant represents to the Court that he is satisfied with counsel, David P. Hoose, Esq. and Robert B. Mann, Esq., and indicates that counsel have rendered effective legal assistance.

20.   Counsel for Defendant state that they have read this agreement, been given a copy of it for their file, explained it to Defendant, and state that to the best of their knowledge and belief, Defendant understands the agreement.

21.   Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____
JASON WAYNE PLEAU
Defendant

_____
DAVID P. HOOSE
Counsel for Defendant

_____
ROBERT B. MANN
Counsel for Defendant

_____
ADI GOLDSTEIN
Assistant U.S. Attorney

_____
WILLIAM J. FERLAND
Assistant U.S. Attorney

_____
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Chief, Criminal Division

_____
6-20-13
Date

_____
6-20-13
Date

_____
6-20-13
Date

_____
7-25-13
Date

_____
7-25-13
Date

_____
07-25-2013
Date

7